IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BERNARD RENA CLEMONS, 1054384, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-1930-N |
| ) | ECF |
| NATHANIEL QUARTERMAN, ) | |
| Director TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

On August 1, 2001, Petitioner was convicted of arson. *State of Texas v. Bernard Rena Clemons*, No. F-0173069-SH (Crim. Dist. Ct. No. 1, Dallas County, Tex., Aug. 1, 2001). Petitioner was sentenced to thirty years confinement. On April 2, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Clemons v. State*, No. 05-01-01402-CR, slip op. (Tex. App. – Dallas 2003). On September 3, 2003, the Court of Criminal Appeals denied the petition for discretionary review. *Clemons v. State*, P.D.R. No. 723-03.

On October 6, 2004, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Clemons*, Application No. 61,715-01. On August 31, 2005, the Court of Criminal Appeals denied the application.

On September 27, 2005, Petitioner filed this federal petition. He argues:

(1) the indictment is defective;

(2) hearsay evidence was erroneously admitted;

(3) evidence was obtained through an illegal search of his vehicle;

(4) the prosecutor presented perjured testimony through Dorothy Perry as to how the fire started;

(5) the evidence is insufficient to support the conviction;

(6) the prosecutor committed misconduct;

(7) he received ineffective assistance of counsel because counsel:

    (a)    failed to timely move to quash the indictment;

    (b)    failed to timely move to suppress evidence;

    (c)    failed to timely move to suppress Petitioner's statement;

    (d)    failed to move for a continuance;

    (e)    failed to file a motion for exculpatory evidence;

    (f)    failed to subpoena the 911 tape of the complaining witness;

    (g)    failed to make a proper argument;

    (h)    failed to visit and investigate the crime scene;

    (I)    failed to object to the state's impeachment of its own witness;

    (j)    failed to call a defense expert to rebut the state's experts;

    (k)    failed to make an opening statement;

    (l)    failed to consult an expert regarding gasoline ignited fires;

    (m)    failed to correct perjured testimony regarding the arrest;

        (n)       failed to correct perjured testimony regarding the use of a blanket and gasoline;

        (o)       failed to object to a mid-trial substitution of the trial judge;

        (p)       failed to move for an instructed verdict;

(8)       He received ineffective assistance of appellate counsel because failed to raise the above issues.

## II. Discussion

**1.      Factual Background**

Dorothy Perry was living at 4502 Baldwin Street in Dallas, Texas, in December 2000. (Trial Tr. Vol. 3 at 11). She had dated Petitioner for six years and she considered him to be her boyfriend. (*Id*. at 12). On the evening of December 29, 2000, Perry and Petitioner were drinking beer. (*Id*. at 14-16). Petitioner left the house to obtain more beer and, upon his return, Perry refused to allow him back into the house. (*Id*. at 17-18). Petitioner told Perry he was "going to burn [Perry] out." (*Id*. at 25). Petitioner went to a window and broke it. (*Id*. at 19). Petitioner used a blanket to break the window, attempted to pour gasoline on the blanket, and attempted to start the blanket on fire. (*Id*. at 22-24). At trial, Perry denied telling investigators that she saw Petitioner pour gasoline on the blanket. (*Id*. at 30-31).

On the date of the incident, Officer Tina Duncan responded to a possible arson call at Perry's residence. (*Id*. at 47-49). When Officer Duncan arrived, she was immediately approached by Petitioner. (*Id*. at 49). Petitioner stated "I didn't do it" and "someone else walking down the street must have done it." (*Id*. at 49-50). Officer Duncan stated that Petitioner appeared intoxicated. (*Id*. at 50). Officer Duncan testified that Perry was very excited, upset,

angry and yelling loudly. (*Id*. at 52). Duncan stated Perry shouted that Petitioner tried to burn the house down. (*Id*.). Duncan calmed Perry down and Perry explained what had happened that day and evening. (*Id*. at 53-55). Petitioner was placed under arrest. (*Id*. at 57). A cigarette lighter was found on Petitioner. (*Id*. at 72).

David Cofran testified that he is an investigator with the Dallas Fire Department. (*Id*. at 73). He was dispatched to Perry's residence on the date of the incident. (*Id*. at 75). Perry told him that Petitioner threatened to burn the house down, then proceeded to carry out the threat by pouring gasoline on a blanket and setting the blanket on fire. (*Id*. at 78, 88). Cofran testified that the window was broken and there were burn patterns on the window seal and remnants of burnt cloth on the side of the house. (*Id*. at 80). The fire was very small, localized and consistent with a gasoline based fire. (*Id.* at 84-85). Petitioner gave consent to search his car, and a gas can was found in the trunk of his car. (*Id*. at 88-89).

Linda Osborn testified that she is an investigator with the Dallas Fire Department. (*Id*. at 110). She was dispatched to Perry's residence on the date of the incident. (*Id*. at 111). Detective Osborn obtained a written affidavit from Perry on the day of the fire. (*Id*. at 111). In the statement, Perry said that Petitioner retrieved a blanket, poured gasoline on it, and set the blanket on fire. (*Id*. at 113).

Randall Willmon testified that he is a firefighter/paramedic with the Dallas Fire Department. (*Id*. at 127). He was dispatched to Perry's residence on the date of the incident. (*Id*.). He testified that no fire was visible from the side of the house, but whatever had been burning had been put out with water. (*Id*. at 129).

**2.      Standard of Review**

The pertinent terms AEDPA state:

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

      (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**3.      Defective Indictment**

Petitioner argues the indictment was defective because it failed to state the "manner and means" by which Petitioner started the fire. It is well settled that "[w]here the state courts have

held than an indictment is sufficient under state law, a federal court need not address this issue."
*McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *cert. denied*, 513 U.S. 854 (1994).  Since the Texas Court of Criminal Appeals denied relief on this claim, habeas corpus relief is foreclosed.  *See, e.g., Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985).

**4.    Hearsay Evidence**

Petitioner argues that hearsay evidence regarding how the fire was started was improperly admitted.  Petitioner does not identify any testimony that he claims was inadmissible.  To the extent that Petitioner is claiming that the statements made by Perry on the date of the incident were inadmissible, this claim fails.  At trial, Perry stated that Petitioner attempted to start the blanket on fire, but was unable to pour gasoline on the blanket because the gas can appeared to be empty.  (Tr. Vol. 3 at 23-24).  Perry denied telling investigators that she saw Petitioner pour gasoline on the blanket.  (*Id*. at 30 - 31, 34).  Officer Duncan testified that on the date of the incident, Perry was upset and shouting when she told Duncan that Petitioner poured gasoline on the blanket and started the fire.  (*Id*. at 51-55).  Perry's statements were therefore admissible under the excited utterance exception to the hearsay rule.  Fed. R. Evid. 803(2); Tex. R. Evid. 803(2).  Additionally, since Perry's trial testimony contradicted her statements to investigators, Perry's statements were admissible as impeachment evidence.  Tex. R. Evid. 613 and 806.  This claim should therefore be denied.

**5.    Vehicle Search**

Petitioner argues that his vehicle was unlawfully searched.  Where a state affords sufficient opportunity to litigate a Fourth Amendment claim, federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an

unconstitutional search and seizure. *See Stone v. Powell*, 428 U.S. 489-96 (1976). Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. This claim should therefore be denied.

**6.     Perjured Testimony**

Petitioner argues the prosecutor presented perjured testimony from Perry regarding how the fire was started. It appears Petitioner is arguing that the statements Perry made on the day of the incident were false, so the prosecutor should not have introduced her statements at trial.

A state denies a criminal defendant due process when it knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected. *Giglio v. United States*, 405 U.S. 150 (1972); *Cordova v. Collins*, 953 F.2d 167 (5th Cir. 1992). To obtain relief, the defendant must show: (1) the testimony was actually false; (2) the state knew it was false; and (3) the testimony was material. *Fauder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996) (citing *Kirpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir. 1993)). Petitioner has failed to show that Perry's statements were false. Petitioner's claim should therefore be denied.

**7.     Insufficiency of the Evidence**

Petitioner argues the evidence was insufficient to support the conviction. Respondent argues this claim is procedurally barred because Petitioner failed to raise the claim on direct review. If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as filing a petition for discretionary review, the procedural bar applies. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -7-

claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The records reflects that Petitioner did not raise his insufficiency of the evidence claim on appeal, or in his petition for discretionary review.[1] Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim. The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than

---

[1] Under Texas law, insufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus. *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981). *See West v. Johnston*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's insufficiency of the evidence claim.

**8.      Prosecutorial Misconduct**

Petitioner claims the prosecutor committed misconduct during closing arguments by: (1) striking at the Petitioner over the shoulders of his attorney; (2) shifting the burden of proof to Petitioner; (3) attempting to provoke Petitioner by poking and pointing his finger in the face of Petitioner; (4) arguing evidence of intoxication and other unrelated extraneous offenses; (5) making a direct comment to the jury that the judge did not believe the defense evidence; and (6) arguing issues regarding punishment when he knew punishment would be decided by the judge.

Prosecutorial misconduct implicates due process concerns. *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992). When a petitioner asserts a due process violation, the Court must determine whether the prosecutorial comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In the habeas context, the appropriate review for such allegations is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* (quoting *Donnelly,* 416 U.S. at 642).

In federal habeas actions, improper jury argument by the state does not present a claim of constitutional magnitude unless it is so prejudicial that the petitioner's state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment's Due Process

Clause. To establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that, in probability, but for the remarks no conviction would have occurred. *Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986) (citations omitted). A trial is fundamentally unfair if there if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Foy*, 959 F.2d at 1317.

### (a) Attacking Petitioner

Petitioner argues the prosecutor attacked Petitioner indirectly by attacking his counsel. During closing arguments, the prosecutor stated:

> [T]he defense attorney makes you – says what makes this case arson? I mean he has the gall to ask you what makes this case arson.

(Trial Tr. Vol. 4 at 21). After an objection by the defense attorney, the court instructed the prosecutor to rephrase the argument. Petitioner has not shown that this comment rendered his trial fundamentally unfair.

### (b) Shifting the Burden of Proof

Petitioner argues the prosecutor shifted the burden of proof to the defense. The prosecutor stated:

> The defense talks about nobody said there was a fire that day. Well, Dorothy Perry did. I mean it's almost ridiculous to say that there wasn't a fire. I mean when you can see it. You would have to speculate. There is nothing else in evidence that shows that there wasn't a fire that day.

(Trial Trans. Vol. 4 at 24). Defense counsel objected that the prosecution was shifting the burden of proof to the defense. The court overruled the objection. Petitioner has not shown that

the prosecutor attempted to shift the burden of proof to Petitioner. This claim should be denied.

### (c) Provoking Petitioner

Petitioner argues the prosecutor attempted to provoke him. The record reflects that as the prosecutor stated: "This business about whether there was gas or not is irrelevant, when you get down to it. Obviously this man thought there was gas in there, right? . . . . ." (*Id*. at 25). Defense counsel objected that the prosecutor was trying to provoke the Defendant by "getting in his face." (*Id*.). The court overruled the objection. Petitioner has not shown that the prosecutor's actions rendered his trial fundamentally unfair.

### (d) Extraneous Offenses

Petitioner argues the prosecutor committed misconduct when he argued that Petitioner was intoxicated at the time of the offense. In his closing arguments, the prosecutor stated:

> Voluntary intoxication, I want to talk to you abut this. You're told in the Court's Charge that if you voluntarily get yourself intoxicated, and you commit a crime, that's not a defense. I think everyone of you would probably agree. We can't go out, get ourself (sic) drunk, commit a crime, and say Kings (sic) X.

(*Id*. at 26).

Defense counsel objected that there was no testimony regarding voluntary intoxication. The court overruled the objection. The trial testimony shows that Dorothy Perry testified that Petitioner had been drinking the day of the incident. (Trial Tr. Vol. 3 at 14-16). Dallas Police Officer Tina Duncan testified that on the day of the incident, Petitioner appeared intoxicated. (*Id*. at 50). A prosecutor's closing arguments may refer to the testimony presented and reasonable inferences from that testimony. *United States v. Munoz*, 150 F.3d 401, 414-415 (5th Cir. 1998). Petitioner has failed to show the prosecutor committed misconduct.

Additionally, Petitioner argues that the prosecutor referred to other extraneous offenses in

his closing arguments. Petitioner, however, does not identify these other alleged extraneous offenses. This claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### (e) Prosecution Comments

Petitioner argues the prosecutor made a direct comment to the jury that the judge did not believe the defense evidence. Petitioner has not identified this alleged statement. The claim is conclusory and should be denied. *See, Ross*, 694 F.2d at 1012.

### (f) Punishment

Petitioner argues the prosecutor improperly argued punishment issues during his closing arguments. In his closing statements, the prosecutor referred to the charge on a lesser included offense. The prosecutor stated:

> Now, the important thing with regard to lesser included it's lesser for another reason. There's lesser punishment. Lesser charge, lesser punishment.

(Trial Tr. Vol. 4 at 27).

The Court finds that although this statement refers to punishment issues, it did not render Petitioner's trial fundamentally unfair. This claim should be denied.

### 9. Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of

hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### (a) Motions

Petitioner argues his counsel was ineffective for failing to file a number of motions. First, he argues his counsel should have moved to quash the indictment. On direct review, the court reviewed Petitioner's claim that the indictment was defective because it did not allege the "manner and means" of starting the fire. The appellate court rejected the claim that the indictment was defective, finding that the indictment sufficiently put Petitioner on notice of the charges against him. Petitioner has not shown that the state court decision to deny relief was unreasonable.

Petitioner argues his counsel was ineffective because he failed to file a motion to suppress the statements Petitioner made on the day of the incident. Officer Duncan testified that as she approached the house on the date of the incident, Petitioner stated to her, "I didn't do it," and "someone else walking down the street must have done it." (Trial Tr. Vo1. 3 at 49-50). Petitioner has not stated how his counsel was deficient for failing to suppress these statements.

Further, he fails to state a basis for suppression. Petitioner's claim should be denied.

Petitioner alleges his counsel was ineffective for failing to file a motion to suppress evidence obtained from his vehicle. Officer Duncan and Investigator Cofran testified that Petitioner voluntarily consented to a search of his vehicle. (*Id.* at 60-61; 88-89). Petitioner has not shown any basis for excluding this evidence.

Petitioner alleges his counsel was ineffective for failing to file a motion to suppress evidence obtained from a search of his residence. Petitioner does not state what evidence was obtained through this search, or whether the evidence was introduced at trial. He has therefore failed to show that his counsel was deficient or that he was prejudiced.

Petitioner argues his counsel was ineffective for failing to file a motion for continuance. He argues the continuance was needed to request arrest reports and book-in sheets that would show Officer Duncan gave false testimony. Petitioner has made no showing that this evidence would have contradicted Officer Duncan's testimony. The claim is conclusory and should be denied.

Petitioner argues his counsel was ineffective for failing to file a motion for exculpatory evidence. He argues that the police reports and expert reports from the fire investigators contained exculpatory evidence. Petitioner has made no showing that these documents contain exculpatory evidence. His claim is conclusory and should be denied.

Petitioner claims his counsel was ineffective for failing to subpoena the 911 tapes of the incident. He states that tapes would contradict Officer Duncan's testimony that she was responding to a fire, when she instead was responding to a disturbance. Petitioner has submitted no evidence that the 911 tapes would contradict Officer Duncan's testimony. His claims are

conclusory and should be denied.

### (b) Counsel's Arguments

Petitioner argues his counsel was ineffective because he failed to present a coherent argument to the judge and jury. Petitioner's claim is conclusory and should be denied.

### (c) Investigation

Petitioner argues his counsel was ineffective for failing to investigate and visit the scene of the incident. To establish that counsel was ineffective for a failure to investigate, the petitioner must do more than merely allege a failure to investigate – he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

On state habeas review, Petitioner's counsel submitted an affidavit stating that he and his investigator went to the scene of the offense, where he "took numerous pictures and interviewed witnesses." (*Ex parte Clemons*, No. 61,715-01 at 248). Petitioner has failed to show that the state court's denial of this claim was unreasonable. He has failed to specify what a further investigation would have revealed, and how it would have altered the outcome of the trial. Petitioner's claim should be denied.

### (d) Objections

Petitioner argues his counsel was ineffective for failing to object to the state's impeachment of its own witness, Dorothy Perry. Petitioner does not state the basis for objecting to this witness's testimony. As discussed above, Perry's statements on the day of the incident were admissible as excited utterances under Texas Rule of Evidence 802(2). Petitioner's claim

should be denied.

### (e) Expert Witness

Petitioner alleges his counsel was ineffective because he failed to call the defense investigator to testify as an expert witness to rebut the testimony of the state's witnesses. Petitioner has not shown that his investigator would have rebutted the state's witnesses. As the Fifth Circuit has stated, "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ." *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986). Petitioner's conclusory allegations should be denied.

### (f) Opening Statement

Petitioner alleges his counsel was ineffective for failing to make an opening statement. Petitioner has not shown that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). He has failed to show his counsel was deficient or that he suffered prejudice from the failure to make an opening statement. Petitioner's claim should be denied.

### (g) Experts

Petitioner argues his counsel was ineffective for failing to hire or consult an expert on gasoline ignited fires. Petitioner, however, has submitted no evidence that an expert would have testified favorably for the defense. *See Martin,* 796 F.2d at 819 ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner's claim should be denied.

### (h) Perjury

Petitioner argues his counsel was ineffective because he failed to correct perjured testimony by the state's witnesses. Petitioner has failed to show that the officers and

investigators offered perjured testimony. Further, the record reflects that defense counsel cross-examined these witnesses. Petitioner's claim is conclusory and should be denied.

### (i) Substitution

Petitioner argues his counsel was ineffective because he failed to object to the substitution of a new judge during the trial. The record shows that a different trial judge accepted the verdict from the jurors. Petitioner has not stated the basis for objecting to this procedure. He has further failed to show that he was prejudiced by the procedure. Petitioner's claim should be denied.

### (j) Instructed Verdict

Petitioner argues his counsel was ineffective for failing to move for an instructed verdict. The state habeas court reviewed this claim and found it was without merit. Petitioner has submitted no evidence that the result of his trial would have been different if his attorney had moved for an instructed verdict. Petitioner's claim should be denied

### (k) Cumulative Errors

Petitioner argues his counsel was ineffective because of a cumulative effect of the above-discussed errors. The Court finds Petitioner's previously discussed claims of ineffective assistance of counsel should be denied. His claim of ineffective assistance of counsel based on cumulative error should likewise be denied.

### (l) Appellate Counsel

Petitioner argues he received ineffective assistance of appellate counsel because counsel failed to raise the above discussed ineffective assistance of counsel claims. The Court has found that Petitioner's claims of ineffective assistance of trial counsel should be denied. His claim of

ineffective assistance of appellate counsel, based on the same claims, should also be denied.

**10.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 11th day of October, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).